IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| NATHANIEL MALOY,<br><br>    Plaintiff,<br><br>v.<br><br>IRS,<br><br>    Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No. 1:22-cv-00095-HCN-CMR<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

### I.    BACKGROUND

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 9, 10). On July 29, 2022, *pro se* Plaintiff Nathaniel Maloy (Plaintiff) filed his Complaint against Defendant Internal Revenue Service (IRS) (Defendant) (ECF 1). On August 1, 2022, the court granted Plaintiff's request to leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (the IFP Statute) (ECF 7). On October 26, 2022, the court issued an Order granting Plaintiff leave to file an amended pleading addressing the failure to adequately plead a plausible claim (Order) (ECF 11). The court warned Plaintiff that failure to comply with the directives in the Order may result in dismissal of this action (*Id.*). One day before the deadline, Plaintiff filed a document entitled Amended Complaint (ECF 12). Upon review, Plaintiff's Amended Complaint (ECF 12) fails to remedy the deficiencies of his original pleading and instead is replete with expletives and threats against the court. Because Plaintiff failed to remedy the deficiencies, the court recommends dismissal of the action.

## II.     DISCUSSION

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also* DUCivR 41-2 (allowing dismissal for failure to prosecute). This court may dismiss actions *sua sponte* for failure to prosecute. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders."); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (noting courts have inherent authority to clear "their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). In determining whether dismissal is appropriate, the court considers the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Olsen*, 333 F.3d at 1204 (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

Here, all factors weigh in favor of dismissal. Although Plaintiff filed an Amended Complaint, Plaintiff failed to meaningfully respond to the directive in the Order to amend his pleading despite a clear warning from the court that this case could be dismissed for failure to comply. Instead, Plaintiff filed an expletive-laden document repeatedly threatening the court and expressing his refusal to amend his pleading. Plaintiff's failure to comply with the court's Order and move this matter along interferes with the judicial process, and his culpability in failing to prosecute this matter is high. There appears to be no effective lesser sanction, and there would be little to no actual prejudice to Defendant having not yet been served. In consideration of these factors and given that Plaintiff's failure to prosecute is coupled with a

failure to abide by an Order of this court, the court finds that the circumstances in this case warrant dismissal.

## RECOMMENDATION

Based on Plaintiff's failure to prosecute this case and failure to comply with an Order of this court, the court **RECOMMENDS** that the district judge **DISMISS** this case without prejudice.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 17 May 2023.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah